IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NAKISHA BOONE, et al.        :     CIVIL ACTION
                             :
     v.                      :
                             :
CITY OF PHILADELPHIA         :     NO. 05-1851


              ORDER GRANTING FINAL APPROVAL
           OF CLASS ACTION SETTLEMENT AND JUDGMENT

    This case coming on for hearing before The Honorable Mary A. McLaughlin, U.S.D.J. on September 29, 2009, pursuant to this Court's Order of March 6, 2009, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the Parties is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorney's fees and costs; and the Settlement Class Members being represented by Class Counsel and Defendant being represented by its attorney; AND THE COURT having read and considered the Settlement Agreement, the Notice Plan, and Memorandum of Law submitted by Class Counsel, having received evidence at the hearing, having heard arguments from Class Counsel and the Defendant, and having considered the submissions by Class Members, now makes the following:

FINDINGS OF FACT

    1.   This action was commenced on April 21, 2005, as a class action.

2. After several years of intensive litigation, including extensive discovery and motion practice, and as a result of intensive, arm's length negotiations between Class Counsel and Defendant, including settlement conferences before Magistrate Judge Elizabeth T. Hey and former Magistrate Judge James K. Melinson, the Parties have reached accord with respect to a Settlement that provides substantial benefits to Settlement Class Members, in return for a release and dismissal of the claims at issue in this case against the Defendant ("Settlement Agreement"). The resulting Settlement Agreement was preliminarily approved by the Court on March 6, 2009.

3. As part of the Order Granting Preliminary Approval, this Court approved a proposed Notice Plan and Class Notice, which provided Settlement Class Members notice of the proposed Settlement. The Notice Plan provided an opportunity for Class Members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

4. As of the deadline for the filing of objections, three objections were filed. Given the size of this Settlement, and the Notice Plan described above, this Court finds that the comparatively low number of objections is indicative of the fairness, reasonableness and adequacy of the Settlement with the Defendant.

5. The settling Parties have filed with the Court an affidavit from RSM McGladrey, Inc. declaring that the mailing

of the Court-approved notice, consistent with the Notice Plan, has been completed.

6. The Court finds that the published notice, mailed notice and Internet posting constitute the best practicable notice of the Fairness Hearing, proposed Settlement, Class Counsel's application for fees and expenses, and other matters set forth in the Class Notice and Short Form Notice; and that such notice constituted valid, due and sufficient notice to all members of the Settlement Class, and complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, the laws of Pennsylvania and any other applicable law.

7. Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the Notice. All persons who have validly excluded themselves from the action have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein and the names of those persons are set forth in Exhibit A hereto.

8. Settlement Class Members are bound by the Settlement, Settlement Agreement, Release contained within the Settlement Agreement, and the Final Order and Judgment. Settlement Class Members do not have a further opportunity to opt-out of this Action.

9. Any Class Member who did not timely file and serve an objection in writing to the Settlement Agreement, to the

entry of Final Order and Judgment, or to Class Counsel's application for fees, costs, and expenses, in accordance with the procedure set forth in the Class Notice and mandated in the Order Granting Preliminary Approval of Settlement, is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

    10.  On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendant in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

    a.  The liability issues in this case have been vigorously contested.

    b.  This Settlement has the benefit of providing relief to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties to this litigation. This Settlement provides Class Members with a substantial monetary benefit.

    c.  This Settlement is clearly a product of hard-fought litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Counsel for the Defendant.

11. Class Counsel submitted to the Court and served on the Defendant their application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement. This Court has considered Class Counsel's request and hereby grants the request.

12. The claims procedure established under the Settlement Agreement is fair, a simplified process, and workable. In any event, the Court will retain jurisdiction to work out any unanticipated problems.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

13. This Court has jurisdiction over the Parties and the subject matter of this proceeding.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Class is certified for purposes of final settlement:

> Settlement Class:
> All persons who were placed into the custody of the Philadelphia Prison System after being charged with misdemeanors; summary offenses; traffic infractions, civil commitments, or other minor crimes; or bench warrants and/or probation violations where the underlying charge was a misdemeanor, summary offense or other minor crime; and who were strip searched in the absence of reasonable suspicion upon their entry into the Philadelphia Prison System pursuant to the policy, custom and practice of the Philadelphia Prison

5

System and the City of Philadelphia. The class period commences on April 21, 2003 and extends to, and includes, October 9, 2007.

<u>Subclass I</u>:

All persons in the Settlement Class, EXCEPT for persons who (1) were charged with certain violence, drug and/or weapons (hereinafter "VDW") related misdemeanor charges at the time of their admission, or (2) were charged with bench warrants and/or probation violations where the underlying charge was a VDW misdemeanor charge, or (3) had convictions for felonies and/or VDW misdemeanor charges predating the date of their admission.

<u>Subclass II</u>:

All persons in the Settlement Class who were (1) charged with VDW misdemeanor charges at the time of their admission, or (2) were charged with bench warrants and/or probation violations where the underlying charge was a VDW misdemeanor charge, or (3) had convictions for felonies and/or VDW misdemeanor charges predating the date of their admission.

15. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Class Members are ascertainable and too numerous to be joined. Questions of law and fact common to all Class Members predominate over individual issues and should be determined in one proceeding with respect to all Class Members. The Class

Representatives' claims are typical of those of the Class. The Class action mechanism is superior to alternative means for adjudicating and resolving this action.

16. The Settlement Class Representatives, Nakisha Boone and George Byrd, are entitled to and are hereby awarded a payment of $15,000 each, in recognition of the efforts they undertook in connection with this lawsuit. All Class Members who have made claims on the settlement are entitled to receive their *pro rata* share of the Settlement fund, as members of Subclass I not to exceed $3,000 or Subclass II not to exceed $100, after administrative expenses, attorneys' fees and expenses, and incentive awards are deducted from the fund.

17. Class Counsel are qualified, experienced, and have aggressively litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. Daniel C. Levin, Esquire of Levin, Fishbein, Sedran & Berman, Philadelphia, PA; Charles J. LaDuca, Esquire and Alexandra Warren, Esquire of Cuneo Gilbert & LaDuca, LLP, Washington, DC; Elmer Robert Keach, III, Esquire of the Law Offices of Elmer Robert Keach, III, Amsterdam, New York; and Gary E. Mason, Esquire and Nicholas A. Migliaccio, Esquire of the Mason Law Firm, LLP are hereby appointed as counsel for the Settlement Class.

18. The Court grants final approval of the Settlement Agreement, as being fair, reasonable and

adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Courts finds that the request for attorneys' fees is reasonable.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion for Final Approval of the Proposed Settlement is GRANTED.

2. The Settlement Class Representatives, Nakisha Boone and George Byrd, are entitled to and are hereby awarded a payment of $15,000 each in recognition of the efforts they undertook in connection with this lawsuit. All Class Members who have made claims on the Settlement are entitled to receive their *pro rata* share of the Settlement Fund, as members of Subclass I (not to exceed $3,000) or Subclass II (not to exceed $100), after administrative expenses, attorneys' fees and expenses, and incentive awards are deducted from the fund.

3. The Class Counsels' petition for attorneys' fees and expenses is granted. Class Counsel is awarded fees of $1,770,000.00 and costs of $70,094.24.

4. RSM McGladrey is awarded an additional $100,000 for administering the Settlement.

5. This Action and all claims against the settling Defendant are hereby dismissed with prejudice, but the Court

8

shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Class Members, to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

6. All Class Members who have not timely filed an opt-out request are barred and enjoined from commencing and/or prosecuting any claim or action against the Defendant. Any Class Member who has not timely filed a request to exclude themselves shall be enjoined from initiating and/or proceeding as a class action in any forum.

**IT IS SO ORDERED.**

Dated: <u>November 3, 2009</u>     BY THE COURT:

/s/Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

**EXHIBIT A**

Class Members Who Have Requested
Exclusion From This Settlement

1.  Reverend Daceia C. Frazier
    P.O. Box 48145
    Philadelphia, PA 19144

2.  Marvin Johnson
    PP# 62152
    No Address

3.  Glenn Galie
    551 King Road
    Royersford, PA 19468

4.  Mark Parker
    ET# 4454
    660 State Route #11
    Hunlock Creek, PA 18621

5.  Donald Stewart
    GA-7744, SCI
    Graterford, PA 19426